Filed 2/8/24; pub order 3/7/24 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re P.L. et al., Persons Coming Under the Juvenile Court Law. | |
| | D082723, D082853 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ15938AB) |
| v. | |
| J.L., | |
| Defendant and Appellant. | |

CONSOLIDATED APPEALS from orders of the Superior Court of San Diego County, Nadia J. Keilani, Judge. Affirmed.

Jill Smith, under appointment of the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Kristen M. Ojeil, Senior Deputy County Counsel, for Plaintiff and Respondent.

J.L. (Father) appeals from orders issued at the contested jurisdictional and dispositional hearing declaring his 12-year-old son, P.L., and 10-year-old

daughter, L.L. (together, the children), to be dependents of the juvenile court, placing them with the children's mother, H.T. (Mother),[1] and giving him liberal supervised visitation. He contends the visitation orders should be reversed because the juvenile court improperly delegated its visitation authority to the children. The San Diego County Health and Human Services Agency (Agency) asserts Father forfeited the issue. We agree with the Agency and affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

The parents have a child welfare history dating back to 2019 with multiple referrals regarding Father physically or emotionally abusing the children. These referrals were previously found to be inconclusive, unfounded, or evaluated out. The parents divorced in early 2023[2] and shared custody of the children. On July 3, the Agency obtained protective custody warrants for the children based on an incident that occurred on June 22 where Father allegedly punched P.L. in the eye. That same day, the Agency filed petitions on behalf of the children under Welfare and Institutions Code[3] section 300, subdivision (a). P.L. told a social worker that Father disciplines him by locking him in the garage, punching him, or hitting him with a belt. P.L. did not want to return to Father, fearing Father would be mad "and hit us again." L.L. stated Father disciplined her and P.L. by locking them in the garage, kicking their legs, or hitting them with a belt.

---

[1]    Mother is not a party to this appeal.

[2]    Undesignated date references are to 2023.

[3]    Undesignated statutory references are to the Welfare and Institutions Code.

At the July 6 detention hearing, the court placed the children with Mother. Mother's counsel and counsel for the children agreed that Father should receive supervised visitation but requested that the children's wishes be taken into consideration. The court ordered liberal supervised visitation and that the children's wishes were to be taken into consideration on whether visits would go forward. Father's counsel did not object to the visitation order.

At the jurisdictional and dispositional hearing on July 26, Father's counsel set the matter for trial but raised no issues regarding visitation. The court ordered that any expansion of visitation would be with the concurrence of the children's counsel. At a special hearing on August 8, the court ordered that the children were to remain at their current school. Father raised no issues regarding visitation at this hearing.

At the contested jurisdictional and dispositional hearing on August 28, Father's counsel never argued that the current order for supervised visitation should be changed or expressed a concern that the children refused to visit Father. The court deferred Mother's request to move to Texas, found the allegations in the petitions true by a preponderance of the evidence, removed custody from Father, retained custody with Mother as the non-offending parent, continued liberal supervised visitation for Father, and gave the Agency discretion to lift the supervision requirement and begin overnight visits or a 60-day trial visit with Father upon concurrence of minors' counsel.

Father appealed from the orders issued at the contested jurisdictional and dispositional hearing. At a special hearing on September 20, the court considered Mother's request to move to Texas with the children. Minors' counsel informed the court that the children did not want any contact with Father. Father's counsel argued against the move but raised no issue

3

regarding the court's prior visitation order or that the children refused to visit. The court granted Mother's request to move to Texas. Father filed a second notice of appeal from this order. On November 28, we issued an order consolidating the appeals and gave Father 15 days to file his consolidated opening brief.

## DISCUSSION

Father contends the juvenile court improperly delegated its authority at the detention hearing when it ordered that the children could refuse visitation.[4] The Agency contends Father forfeited this challenge by failing to object to the order in the juvenile court. We agree with the Agency that the claim has been forfeited.

"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on another ground as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962.) The purpose of the forfeiture rule is to encourage parties to bring errors to the trial court's attention so they can be corrected. (*In re S.B.*, at p. 1293.) A second purpose is to create a record that permits review of the trial court's ruling to determine if it was erroneous. (*In re A.E.* (2008) 168 Cal.App.4th 1, 5.) " '[E]ven constitutional rights, including those of a minor in the area of juvenile court procedure, will ordinarily be waived by silence, i.e., by their nonassertion.' " (*In re Christopher S.* (1992) 10 Cal.App.4th 1337, 1344;

---

4    Although Father also appealed from the September 20 order granting Mother's request to move to Texas, his opening brief contains no argument challenging this order and we deem this issue forfeited. (*Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange* (2022) 77 Cal.App.5th 971, 982 [" 'An appellant . . . forfeits an issue by failing to raise it in his or her opening brief.' "].)

*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 685–686 [due process challenge forfeited because visitation issue not raised before juvenile court].)

Here, Father appeared with counsel at the detention hearing. At no point during the hearing did Father's trial counsel object to the juvenile court's visitation orders or suggest any modifications to them. Father also appeared with counsel at all subsequent hearings and failed to raise any issue regarding the visitation orders, including that the juvenile court had improperly delegated visitation authority to the children and that his children refused to visit. On this record, we reject Father's contention that an objection would have been futile and conclude Father forfeited his challenges to the visitation orders.

In any event, assuming the issue had not been forfeited, we could not conclude on this record that the juvenile court abused its discretion at the detention hearing when it allowed the children to decline visiting Father. At the detention hearing, the juvenile court is required to "determine if contact pending the jurisdiction hearing would be beneficial or detrimental to the child, and make appropriate orders." (Cal. Rules of Court, rule 5.670(c)(1).) Accordingly, "parental visitation can be denied at detention based on a basic detriment finding. . . . This makes some sense, as the situation at detention is often very fluid, all of the facts and circumstances are generally not known, and any out-of-home placement order is, by definition, temporary." (*In re Matthew C.* (2017) 9 Cal.App.5th 1090, 1103.) Thus, even if Father had preserved his challenge to the detention order, on this record, the juvenile court did not abuse its discretion when it temporarily allowed the children to decide whether they wanted to visit Father. (*In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067 [juvenile court's broad discretion in fashioning visitation will not be disturbed on review absent a clear abuse of discretion].)

5

Additionally, the juvenile court advised the parents that the detention orders were "temporary" and it would issue "more permanent orders" at a later hearing. Thereafter, at the contested jurisdictional and dispositional hearing, the court granted Father liberal supervised visitation and gave the Agency discretion to lift the supervision requirement and begin overnight visits or a 60-day trial visit with Father upon concurrence of minors' counsel. This order necessarily superseded the temporary visitation orders issued at the detention hearing. To the extent Father was unhappy because the children continued to refuse visits, he should have raised this issue with the juvenile court. "When a child refuses visitation, it is the parent's burden to request a specific type of enforcement, or a specific change to the visitation order. Absent a request, it is not the court's burden to sua sponte come up with a solution to the intractable problem of a child's steadfast refusal to visit a parent." (*In re Sofia M.* (2018) 24 Cal.App.5th 1038, 1046.) "The court does not err by failing to do that which it is not requested to do." (*Ibid.*)

## DISPOSITION

The juvenile court's jurisdictional and dispositional orders are affirmed.


McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


BUCHANAN, J.

7

Filed 3/7/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re P.L. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D082723, D082853 |
| Plaintiff and Respondent, | (Super. Ct. No. NJ15938AB) |
| v. | |
| J.L., | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Appellant. | |

THE COURT:

The opinion in this case filed February 8, 2024 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.

Copies to:  All parties